UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 21-52225-BEM |
| | : | |
| MASOUD RAZZAGHI, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

## MOTION FOR ORDER AUTHORIZING SETTLEMENT WITH DEBTOR UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Masoud Razzaghi ("**Debtor**"), by and through the undersigned counsel, and files his *Motion for Order Authorizing Settlement with Debtor under Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "**Settlement Motion**"). In support of the Settlement Motion, Trustee respectfully shows the Court as follows:

**Jurisdiction and Venue**

1.  This Court has jurisdiction over this Settlement Motion under 28 U.S.C. §§ 157 and 1334. Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure. This Settlement Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

**Background**

*a. General Background and Dispute*

2.  On March 18, 2021 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy

17581047v1

Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), initiating Chapter 7 Case No. 21-52225-BEM (the "**Bankruptcy Case**").

3. Trustee was thereafter appointed the duly acting Chapter 7 trustee in the Bankruptcy Case, and he remains in this role.

4. On the Petition Date, Debtor was the sole owner[1] of record of a certain real property with a common address of 700 Kimball Parc Way, Alpharetta, Georgia 30022 (the "**Property**").

5. Debtor's interest in the Property (the "**Interest**") is property of the Bankruptcy Estate. *See* 11 U.S.C. § 541 (2021).

6. Rather than Trustee's selling the Interest of the Bankruptcy Estate in the Property, Debtor would like to purchase the Interest from the Bankruptcy Estate (the "**Transfer Dispute**").

### *b. Filed Claims*

7. The claims bar date in this case for governmental and non-governmental entities was October 13, 2021. The total of the timely filed, non-priority, general unsecured claims is $57,791.23.

### The Settlement

8. Following much negotiation, Trustee and Debtor (collectively, the "**Parties**") have reached an agreement to transfer the Interest to Debtor by Trustee's abandoning it to Debtor following certain payments by Debtor. In this regard, the Parties have entered into a Settlement Agreement (the "**Settlement Agreement**"). Trustee attaches a copy of the Settlement Agreement

---

[1] Debtor's bankruptcy schedules errantly indicate that he owns the Property with another. [Doc. No. 1 at page 15 of 61].

as Exhibit "A" to this Settlement Motion. Significant terms of the Settlement Agreement are as follows:[2]

a. Debtor shall pay a total of $28,000.00 (the "**$28,000.00 Settlement Funds**") in good funds to Trustee in exchange for Trustee's abandoning the Interest to Debtor in accordance with the following schedule (the "**Scheduled Payments**"): 23 equal installments each in the amount of $1,166.67 on the first day of each month (the "**$1,166.67 Payments**"), beginning on the first day of the month that occurs after the Settlement Approval Order becomes final; and a final payment of $1,166.59 within 30 days after Debtor pays the last of the $1,166.67 Payments.

b. The Interest of the Bankruptcy Estate in and to the Property shall be deemed abandoned upon the later of: (a) Trustee's receipt in full of the $28,000.00 Settlement Funds from Debtor in good funds; or (b) the Settlement Approval Order[3] becoming final.

c. Debtor shall insure the Property to protect the Bankruptcy Estate against loss, whether casualty or personal liability, until the later of: (a) Trustee's receipt in full of the $28,000.00 Settlement Funds from Debtor; or (b) the Settlement Approval Order becoming final.

d. Debtor shall pay all *ad valorem* real property taxes that accrue against or as a result of the Property until the later of: (a) Trustee's receipt in full of the $28,000.00 Settlement Funds from Debtor; or (b) the Settlement Approval Order becoming final.

e. Debtor shall pay all payments owed on any debt secured by an interest in the Property (the "**Mortgage Payments**") until the later of: (a) Trustee's receipt in full of the $28,000.00 Settlement Funds from Debtor; or (b) the Settlement Approval Order becoming final.

f. Debtor shall not grant or permit any future encumbrances against the Property, or sell or transfer the Property, without Trustee's express written permission and appropriate authority from the Bankruptcy Court until the later of: (a) Trustee's receipt in full of the $28,000.00 Settlement Funds from Debtor; or (b) the Settlement Approval Order becoming final.

---

[2] The following is a summary of the Settlement Agreement and is not intended to be comprehensive. To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement controls.

[3] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Settlement Agreement.

17581047v1

    g.    Debtor shall pay all maintenance and repair expenses that arise from or that are related to the Property until the later of: (a) Trustee's receipt in full of the $28,000.00 Settlement Funds from Debtor; or (b) the Settlement Approval Order becoming final.

    h.    Within five (5) business days after receiving a written request from Trustee, in accordance with Section 11 of the Settlement Agreement, Debtor shall produce to Trustee proof of insurance on the Property or proof of payment of his Mortgage Payments. In this regard, Debtor represents and warrants to Trustee, that, as of the Effective Date of the Settlement Agreement, the Property is insured and he is current on his Mortgage Payments.

    i.    The Parties stipulate and agree that Debtor shall not have a claim under Section 502(h) of the Bankruptcy Code in the Bankruptcy Case for or on account of payment of the $28,000.00 Settlement Funds, or for any reason, and that neither Debtor nor any of his affiliates, agents, principals, or subsidiaries shall receive a distribution from the Bankruptcy Estate.

    j.    Effective upon the Settlement Approval Order becoming final, Debtor shall waive any and all obligations that the Bankruptcy Estate may otherwise have to pay to Debtor out of the $28,000.00 Settlement Funds on account of exemptions asserted by or on behalf of Debtor, if any, in the Property, the Interest, or the $28,000.00 Settlement Funds.

    k.    There are also events of default and liquidated damage provisions should Debtor fail to pay timely any of the Scheduled Payments.

## Relief Requested

9. By this Settlement Motion, Trustee requests that the Court approve the Settlement Agreement between the Parties.

## Basis for Relief

10. Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by Trustee and after notice of a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is set forth in *Wallis v. Justice*

17581047v1

4

*Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), in which the Eleventh Circuit stated as follows:

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549. In making its evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985). Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and make a pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal,* 284 F.2d 567, 571 (5th Cir. 1960).

11. The proposed settlement between the Parties is the product of arms' length negotiations and reflects the Parties' analysis and consideration of the relevant legal, factual, and economic issues.

12. The proposed settlement will allow Trustee to make a meaningful distribution to the holders of timely filed general unsecured claims in this Bankruptcy Case and avoid the costs and risks of marketing and selling the Property through a licensed real estate broker (and also allow Debtor to keep his primary residence).

13. Under the standard set forth above and for the reasons previously detailed in this Settlement Motion, Trustee urges that this Court approve the Settlement Agreement.

WHEREFORE, Trustee respectfully requests that the Court enter an Order (i) granting this Settlement Motion; (ii) authorizing Trustee to take actions reasonably necessary to effectuate

the terms of the Settlement Agreement; and (iii) granting to the parties such other and further relief as the Court deems just and appropriate.

Respectfully submitted, this 4th day of January, 2022.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By: */s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
    michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
(404) 873-8500

6

17581047v1

**EXHIBIT "A" FOLLOWS**

17581047v1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") dated as of Dec 17, 2021 (the "**Effective Date**"), is entered between S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Masoud Razzaghi ("**Debtor**"); and Debtor, an individual resident of the State of Georgia.

### Background

1. On March 18, 2021 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), initiating Chapter 7 Case No. 21-52225-BEM (the "**Bankruptcy Case**").

2. Trustee was thereafter appointed the duly acting Chapter 7 trustee in the Bankruptcy Case, and he remains in this role.

3. On the Petition Date, Debtor was the sole owner[1] of record of a certain real property with a common address of 700 Kimball Parc Way, Alpharetta, Georgia 30022 (the "**Property**").

4. Debtor's interest in the Property (the "**Interest**") is property of the Bankruptcy Estate. *See* 11 U.S.C. § 541 (2021).

5. Rather than Trustee's selling the Interest of the Bankruptcy Estate in the Property, Debtor would like to purchase the Interest from the Bankruptcy Estate (the "**Transfer Dispute**").

6. Following negotiations, Trustee and Debtor (collectively, the "**Parties**") have reached an agreement to transfer the Interest to Debtor by Trustee's abandoning it to Debtor following certain payments to Trustee by Debtor.

Accordingly, the Parties agree as follows:

1. **Background.** The recitations in the above background section are incorporated into this Agreement as if set forth fully herein.

2. **Transfer of the Interest and Resolution of the Transfer Dispute.** Subject to approval of this Agreement by the Bankruptcy Court, following notice and the opportunity for a hearing, the Parties agree to resolve the claims and disputes related to the Property as follows:

---

[1] Debtor's bankruptcy schedules errantly indicate that he owns the Property with another. [Doc. No. 1 at page 15 of 61].

Page 1 of 7

17446512v1

2.1. *Approval of Proposed Settlement.* Within five (5) business days after execution of this Agreement by each of the Parties, Trustee shall prepare and file the necessary pleadings, including, but not limited to, a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**Settlement Approval Motion**"), seeking entry of an order by the Bankruptcy Court approving the compromise and settlement contemplated herein ("**Settlement Approval Order**").

2.2. *Payment of Settlement Funds.* Debtor shall pay a total of $28,000.00 (the "**$28,000.00 Settlement Funds**") in good funds to Trustee in exchange for Trustee's abandoning the Interest to Debtor in accordance with the following schedule (the "**Scheduled Payments**"):

2.2.1. 23 equal installments each in the amount of $1,166.67 on the first day of each month (the "**$1,166.67 Payments**"), beginning on the first day of the month that occurs after the Settlement Approval Order becomes final; and

2.2.2. a final payment of $1,166.59 within 30 days after Debtor pays the last of the $1,166.67 Payments.

Debtor shall pay each of the Scheduled Payments to Trustee by delivering an official check in the appropriate amount set forth above and made payable to "S. Gregory Hays, Trustee (Razzaghi)" addressed as follows:

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

For the purposes of this Agreement, the Settlement Approval Order becomes final when it has been entered on the docket in the Bankruptcy Case and it (a) has not been reversed, stayed, modified or amended and as to which the time to appeal from, or to seek review or rehearing of, has expired and as to which no appeal or petition for review, rehearing or certiorari is pending; or (b) if appealed from, has been affirmed (or the appeal dismissed) and the time to appeal from such affirmance or to seek review or rehearing thereof has expired, or no further hearing, appeal or petition for certiorari can be taken or granted.

2.3. *Abandonment of the Property.* The Interest of the Bankruptcy Estate in and to the Property shall be deemed abandoned upon the later of: (a) Trustee's receipt in full of the $28,000.00 Settlement Funds from Debtor in good funds; or (b) the Settlement Approval Order becoming final.

2.4. *Debtor to Insure Property.* Debtor shall insure the Property to protect the Bankruptcy Estate against loss, whether casualty or personal liability, until the

17446512v1

later of: (a) Trustee's receipt in full of the $28,000.00 Settlement Funds from Debtor; or (b) the Settlement Approval Order becoming final.

2.5. *Debtor to Pay Real Property Taxes.* Debtor shall pay all *ad valorem* real property taxes that accrue against or as a result of the Property until the later of: (a) Trustee's receipt in full of the $28,000.00 Settlement Funds from Debtor; or (b) the Settlement Approval Order becoming final.

2.6. *Debtor to Pay All Mortgage Payments.* Debtor shall pay all payments owed on any debt secured by an interest in the Property (the "**Mortgage Payments**") until the later of: (a) Trustee's receipt in full of the $28,000.00 Settlement Funds from Debtor; or (b) the Settlement Approval Order becoming final.

2.7. *Debtor Shall Not Grant or Allow any Additional Encumbrances Against the Property or Sell the Property.* Debtor shall not grant or permit any future encumbrances against the Property or Sell the Property without Trustee's express written permission and appropriate authority from the Bankruptcy Court until the later of: (a) Trustee's receipt in full of the $28,000.00 Settlement Funds from Debtor; or (b) the Settlement Approval Order becoming final.

2.8. *Debtor Shall Pay for All Maintenance of Property.* Debtor shall pay all maintenance and repair expenses that arise from or that are related to the Property until the later of: (a) Trustee's receipt in full of the $28,000.00 Settlement Funds from Debtor; or (b) the Settlement Approval Order becoming final.

2.9. *Debtor's Duty to Provide Trustee Proof of Insurance and Mortgage Payments.* Within five (5) business days after receiving a written request from Trustee, in accordance with Section 11 of this Agreement, Debtor shall produce to Trustee proof of insurance on the Property or proof of payment of their Mortgage Payments. In this regard, Debtor represents and warrants to Trustee, that, as of the Effective Date of this Agreement, the Property is insured and he is current on his Mortgage Payments.

2.10. *No Section 502(h) Claim.* The Parties stipulate and agree that Debtor shall not have a claim under Section 502(h) of the Bankruptcy Code in the Bankruptcy Case for or on account of payment of the $28,000.00 Settlement Funds, or for any reason, and that neither Debtor nor any of their affiliates, agents, principals, or subsidiaries shall receive a distribution from the Bankruptcy Estate.

2.11. *No Pre-Payment Penalty.* Notwithstanding anything to the contrary in this Agreement, Debtor may pay at any time the entire amount due under this Agreement without incurring a pre-payment penalty.

2.12. *Waiver of Exemption in the $28,000.00 Settlement Funds, if Any.* Effective upon the Settlement Approval Order becoming final, Debtor waive any and all obligations that the Bankruptcy Estate may otherwise have to pay to Debtor out of

Page 3 of 7

17446512v1

the $28,000.00 Settlement Funds on account of exemptions asserted by or on behalf of Debtor, if any, in the Property, the Interest, or the $28,000.00 Settlement Funds.

2.13. *Events of Default and Cure Period.* If Debtor fails to pay timely any of the Scheduled Payments as set forth in Section 2.2 of this Agreement, Debtor shall be entitled to a maximum of three (3), five (5) day cure periods following notice (the "**Default Notice**") by Trustee to Debtor, in which Trustee shall notify Debtor that he has failed to make a Scheduled Payment and which notice shall be given as set forth in Section 11 of this Agreement. Following Debtor's receipt, as set forth in Section 11 of this Agreement, of a Default Notice, Debtor shall have five (5) calendar days to cure the non-payment (the "**5-Day Cure Opportunity**") of the Scheduled Payment by delivering the Scheduled Payment to Trustee as set forth in Section 2.2 of this Agreement.

2.14. *Remedies for Default.* If Debtor: (a) fails to cure timely an unpaid Scheduled Payment following one of the three (3) 5-day Cure Opportunities, or (b) fails to pay timely a Scheduled Payment after he has exhausted his three (3) 5-day Cure Opportunities, then:

   2.14.1. Trustee shall be entitled to retain for the benefit of the Bankruptcy Estate any Scheduled Payments that Debtor has made to Trustee; and

   2.14.2. Trustee shall be entitled to and Debtor shall consent to Trustee's selling the Property.

Trustee and Debtor acknowledge and agree that: (a) estimating the damages from Debtor' breaching this Agreement would be difficult or impossible to estimate ahead of time; (b) that the damages set forth in this Section 2.14 of the Agreement are compensatory rather punitive in nature; and (c) that the damages set forth herein are the best, reasonable estimate of Debtor and Trustee of the injury that Trustee and the Bankruptcy Estate would suffer in the event that Debtor fails to make any of the Scheduled Payments or cure any default following a Default Notice.

3. **No Admissions.** The Parties acknowledge and agree that this Agreement is being executed and delivered as part of the compromise and settlement of disputed claims and is expressly contingent upon and subject to the approval of the Bankruptcy Court for the Northern District of Georgia. The Parties further acknowledge and agree that this Agreement will not and may not be used or construed as an admission of any liability or responsibility to any party or to any other persons.

4. **Entire Agreement; Modification.** The Parties agree that there are no other agreements, oral or written, between or among them relating to any matters covered by this Agreement and that this Agreement constitutes the entire agreement and understanding

Page 4 of 7

17446512v1

between the Parties relating to the subject matter contained herein. The Parties further agree that this Agreement may not be altered, amended, or modified in any respect or particular whatsoever, except by a writing duly executed by Trustee and Debtor and that any material amendment is subject to Bankruptcy Court approval.

5. **Voluntary Execution of Agreement.** The Parties hereby mutually acknowledge and represent and warrant that they have been fully advised by their respective legal counsel of their rights and responsibilities under this Agreement, that they have read, know, and understand completely the contents hereof, and that they have voluntarily executed the same. The Parties further mutually acknowledge and represent and warrant that they have had input into the drafting of this Agreement and that, accordingly, in any construction to be made of this Agreement, it shall not be construed for or against either Trustee or Debtor but rather shall be given fair and reasonable interpretation based on the plain language of this Agreement and the expressed intent of the Parties.

6. **Authority of Parties.** The persons executing this Agreement represent and warrant that they have the legal and institutional authority to do so on behalf of the person or legal entity for which they are signing.

7. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which is an original, and all of which constitute only one agreement between the Parties. Counterparts of this Agreement also may be exchanged via electronic transmission such as facsimile machines or computer, and any Party's signature transmitted by such electronic transmission shall be deemed to be an original signature for all purposes.

8. **Bankruptcy Court Jurisdiction.** The Bankruptcy Court shall retain jurisdiction over the Parties for enforcement of this Agreement and any and all disputes, controversies, or claims regarding the interpretation, validity, construction or other issue relating to or concerning this Agreement. An action relating to, based upon, or arising from a breach of this Agreement shall be brought only in the Bankruptcy Court which shall retain jurisdiction over the subject matter and the Parties for this purpose.

9. **Georgia Law Applicable.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of Georgia, without regard to its conflict of law principles.

10. **Severability.** If any provision of this Agreement is illegal or unenforceable, that provision is severed from this Agreement and the other provisions remain in force.

11. **Notices.** Any notices by Parties provided for or permitted under this Agreement, or by law, shall be in writing and shall be deemed received: (a) when personally delivered to a party, on the date of such delivery; or (b) when sent via electronic mail to a party at the electronic mail address set forth below, on the date of transmission, provided that the transmitting Party has no reasonable belief that the electronic mail was not delivered; or (c) when deposited in the United States Mail, certified and postage prepaid, addressed to

such party at the address set forth below, three (3) days following the deposit of such notice in the mail. Notices shall be sent to the parties as follows

11.1.  *If to Trustee*:

    Michael J. Bargar
    Arnall Golden Gregory LLP
    171 17th Street, NW, Suite 2100
    Atlanta, GA 30363
    michael.bargar@agg.com (electronic mail)

11.2.  *If to Debtor*:

    Danny Coleman
    Coleman Legal Group, LLC
    Suite 51
    5755 North Point Parkway
    Alpharetta, GA 30022
    attorney@dcolemanlaw.com (electronic mail)

The address to which notices are to be sent may be changed by any party by providing notice of the new address as provided herein.

12. **Restoration**. In the event that the Bankruptcy Court denies approval of this Agreement, then, and in that event, unless otherwise agreed by the Parties in writing, this Agreement shall terminate and be null and void and have no further force or effect and the Parties shall be restored to their respective factual and legal positions which existed immediately prior to execution of this Agreement.

13. **Parties to Bear Own Costs**. Except as otherwise stated in this Agreement, each Party shall bear its own costs (including attorney's fees) incurred in connection with the negotiation, preparation, execution, and carrying out of this Agreement and any other agreements, instruments, or documents executed in accordance with the terms of this Agreement.

14. **Time is of the Essence.** Time is of the essence in this Agreement.

[INTENTIONALLY LEFT BLANK]

To evidence the Parties' agreement to this Agreement, they have executed and delivered it on the dates set forth below the signature lines, but as of the Effective Date.

**TRUSTEE**

_____
S. Gregory Hays, as and only as
Chapter 7 Trustee for the bankruptcy estate of
Masoud Razzaghi (Case No. 21-52225-BEM)

Dated: 12-17-2021

**DEBTOR**

_____
Masoud Razzaghi

Dated: 12/17/21

## CERTIFICATE OF SERVICE

This is to certify that I, Michael J. Bargar, am over the age of 18 and that I have this day served a true and correct copy of the foregoing *Motion for Order Authorizing Settlement with Debtor under Rule 9019 of the Federal Rules of Bankruptcy Procedure* by first class United States mail on the following entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

Danny Coleman
Coleman Legal Group, LLC
Suite 51
5755 North Point Parkway
Alpharetta, GA 30022

Masoud Razzaghi
P.O. Box 5021
Alpharetta, GA 30023

This 4th day of January, 2022.

*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709
michael.bargar@agg.com

17581047v1