FILED CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2023 NOV -2  PM 3: 43

VANIA S. ALLEN

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| IN RE: | **CASE NO. 22-59731-PMB** |
| **GLENN JEFFREY DACRUZ,** | CHAPTER 7 |
| Debtor. | |
| **JENNIFER R. DACRUZ,** | |
| Movant, | |
| vs. | |
| **GLENN JEFFREY DACRUZ,** | **CONTESTED MATTER** |
| **S. GREGORY HAYS**, Trustee | |
| Respondents. | |

## EMERGENCY MOTION TO COMPEL ABANDONMENT OF PROPERTY

COME NOW, **Jennifer R. DaCruz**, ("Movant") and files this *Emergency Motion to Compel Abandonment of Property* ("Motion"). An emergency motion is being requested due to a recently scheduled final hearing with the Movant and Glenn J. DaCruz, ("Debtor") on November 9, 2023 in Gwinnett County Superior Court. The Movant is a creditor and party in interest in this requested bankruptcy motion and is entitled to file this *Emergency Motion to Compel Abandonment of Property* under § 554(b), pursuant to Fed. R. Bankr. Proc. 6007(b). See, e.g., Wissman v. Pittsburgh Nat. Bank, 942 F. 2d 867, 873 (4th Cir. 1991).

1

The referenced property is jointly owned by the Debtor and the Movant who are legally married and have a pending divorce case. The real property is located at 3679 Seton Hall Way in Decatur, GA, ("Property"). *The Assignment of the Security Deed* is attached hereto as **Exhibit "A"**.

Jennifer R. DaCruz moves this Court, pursuant to 11 U.S.C. § 554(b) and/or Rule 6007 of the Federal Rules of Bankruptcy Procedure, deem the Property abandoned by the Court and/or compel the Chapter 7 Trustee to abandon the Property. In further support of this Motion, Movant respectfully states:

**JURISDICTION**

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**BANKRUPTCY**

2. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor(s) on December 1, 2022. An order converting the Chapter 13 case to a case under Chapter 7 was entered on February 9, 2023. S. Gregory Hays, ("Trustee") was appointed Chapter 7 Trustee.  The Chapter 7 case was discharged on 10/06/2023.

3. The Debtor included the Property within his bankruptcy petition. On bankruptcy *Schedule A/B: Property* (attached hereto as **Exhibit "B"**), he listed the value of the Property as $246,500 and his portion of the value as $123,250.

4. The Trustee filed an *Individual Estate Property Record and Report Asset Case* form on 07/31/2023, (attached hereto as **Exhibit "C"**). The value of the Debtor's interest in the Property

is valued as $123,250 and the estimated net value as determined by the Trustee less liens, exemptions and other costs is $42,990. The Trustee has not provided an estimate of costs of sale and a detailed calculation of the estimated net value which includes, but not limited to, the cost of the administration of the case including the Trustee and the Trustee's attorney fees. Per the *Trustee's Application for appointment of Attorneys,* the hourly rate for the Trustee's attorney, Michael J. Bargar, is $535 per hour. The attorney was approved on 04/17/2023.

5. The Movant believes that the Trustee's estimated net value is inaccurate and the actual estimated net value is less than $16,000. On the *Trustee's Application for appointment of Attorneys* filed 04/15/2023, (attached hereto as **Exhibit "D")**., it was noted that the unencumbered, non-exempt value of the Property after estimated costs of sale is $38,000 which is inconsistent and lower than the amount reported on 07/31/2023.

6. The Movant resides in the Property with her son who is also the only known child of the Debtor.

7. The Movant seeks to remain in the Property and does not want it to be sold.

8. The Movant is a creditor for child support and other domestic support obligations. She filed an *Amended Proof of Claim,* (attached hereto as **Exhibit "E"**). on 09/12/2023 for $39,212.15.

9. The Movant is entitled to priority under 11 U.S.C. § 507(a). The Debtor's priority claims are $61,133.75 and total claims are $207,559.82 (attached hereto as **Exhibit "H"**).. The Debtor owes the Movant the most in priority claims due to domestic support obligations.

| Creditor | Amount |
|---|---|
| Jennifer DaCruz (Movant) | $39,212.15 |
| IRS | $20,780.52 |
| GA Dept of Revenue | $1,141.08 |
| **TOTAL** | **$61,133.75** |

10. Gwinnett County Superior Court granted the Movant a *Temporary Exclusive Use and Occupancy of the Marital Residence Order* on 11/03/2021 which is still active.

11. On the Trustee's *Individual Estate Property Record and Report Asset Case* form, his projected date of final report is 12/31/2025 and he intends to administer excess proceeds from foreclosure of the real property. The Chapter 7 bankruptcy has already delayed the divorce proceedings and a lengthy asset administration time period would continue to disproportionately affect the Movant.

12. The Movant pays the first mortgage and it is not subject to foreclosure.

13. The second mortgage solely belongs to the Debtor and the Debtor has not paid his debt to the Bank of New York Mellon. The Bank of New York Mellon filed an *Amended Motion for Relief from Stay* on 03/10/23 and withdrew it on 08/16/2023. The *Amended Notice of Withdrawal* is attached as **Exhibit "F".**

14. The Movant has contacted the second mortgage company, Bank of New York Mellon, and/or their representatives about resolving the outstanding payment issue on multiple occasions. Even though the debt doesn't belong to her, the Movant is seeking a solution to the problem. The

Movant was told that she will have to wait until the loan was out of bankruptcy to try to work out something for the second mortgage. The email correspondence is provided as **Exhibit "G"**.

15. During the 10/30/2023 hearing on the Movant's *Emergency Motion for Relief from Automatic Stay*, the Trustee's Attorney Bargar stated that it may make no sense to administer the asset since the Movant doesn't want the property administered and has a DSO super priority claim. He will talk to the Chapter 7 Trustee. They may just get out of the way.

16. The *Individual Estate Property Record and Report Asset Case* form shows a claim for Full Disgorgement pursuant to 11 USC §§ 330, 331, and Fed.R.Bankr.P. 9019(a) and 2002(a)(3) valued at $0. This disgorgement claim belongs to the law firm, Daniels and Taylor, P.C. in Lawrenceville, GA. The value is at least $20,230, not $0 as indicated. Please reference the payment table below which shoes the payment dates and amount made by the Debtor to the law firm. While under active bankruptcy for Case # 17−69818−lrc, the Debtor paid the law firm for the services of Eugenia Wallace and her team without the approval of the bankruptcy court. If the Debtor provided payment receipts and/or invoices to the Trustee, the Chapter 7 Trustee would have more information to determine the actual amount. Furthermore, the law firm violated the automatic stay by placing a lien against the property of the estate in February 2022. Although there is legal basis, the law firm has not been sanctioned, fined, disgorged, or held accountable for their actions yet. The Chapter 13 and Chapter 7 Trustees have been clearly aware of the inappropriate actions of the Debtor and Eugenia Wallace of Daniels and Taylor, P.C.

| Payment Date | | Amount |
|---|---|---|
| 5/17/2022 | $ | 1,850 |
| 4/14/2022 | $ | 2,500 |
| 1/21/2022 | $ | 1,590 |
| 1/4/2022 | $ | 925 |
| 12/1/2021 | $ | 4,100 |
| 11/15/2021 | $ | 575 |
| 10/18/2021 | $ | 1,280 |
| 8/16/2021 | $ | 2,560 |
| 7/19/2021 | $ | 1,850 |
| 6/7/2021 | $ | 3,000 |
| **TOTAL** | $ | **20,230** |

17. Section 554(b) of the Bankruptcy Code provides: "on request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." The Property is burdensome to the estate and is of inconsequential value and benefit to the estate which creates cause to abandon the Property for several reasons including, but not limited to:

Inconsequential Value and Benefit

(a) Since the Movant is a priority creditor with a $39,212.15 claim and resides in the real property that is a part of the estate, the Movant shouldn't be unjustly forced out of the Property and displaced, in order to, administer the asset that is of inconsequential value and benefit to the estate.

(b) Sufficient funds will not be generated to make a meaningful distribution to creditors. The Debtor's net value of the estate is only $42,990 or less which is a minimum amount and is clearly an inconsequential value and benefit to the estate. Once the trustee pays any administrative claims first and in full, there will not be a minimal amount, if any, remaining funds to pay the priority claims for taxes and the Movant's domestic support obligations. Unsecured creditors are not expected to receive anything.

(c) Given that the administrative claims are paid first, the trustee and the professionals will benefit most from the administering of the assets, not the creditors. A trustee shall not administer an estate or an asset in an estate where the proceeds of liquidation will primarily benefit the trustee or the professionals, or unduly delay the resolution of the case. The administration costs for this case will significantly erode or exhaust the Debtor's equity interest in the asset.

(d) The maximum value of the estate has not been maximized by the trustee. It seems that it will benefit the estate more and be less complicated for the Trustee to seek disgorgement and other fees from Daniels and Taylor law firm for $20,230 or more instead of the Movant.

Burdensome

(e) Due to the active case and motions pending in State Court, time-consuming issues, as well as the remaining affairs within the federal bankruptcy court, the Property is burdensome to the estate. With the commission due to the trustee, $535 hourly rate fee for the Trustee's attorney, and other costs of sale, it will be less complicated, cheaper, and beneficial for the Property to be abandoned. The longer it takes to close this case. The more money it will cost the bankruptcy court and the estate.

(f) Per 11 U.S.C. § 704(a)(1), the property of the estate should be collected and reduced to money and the estate closed as expeditiously as is compatible with the best interests of parties in interest. This Chapter 7 bankruptcy case is not moving expeditiously and is affecting the rights and best interest of the Movant and creditors

(g) Per 11 U.S.C. § 704(a)(4), the financial affairs of the Debtor have not been properly and thoroughly investigated.

(h) Possession of the property by the bankruptcy court may expose the estate and court to unnecessary liability. The net proceeds from a sale of the asset will be insufficient to pay any tax liability generated by the sale or other liabilities. Possession of the property may expose the estate to a risk of liability which cannot be insured against, and which outweighs its economic value to the estate.

WHEREFORE, Movant prays that this Court:

1)  issue an Order granting the abandonment of said property and/or direct the Chapter 7 Trustee to abandon the real property located at 3679 Seton Hall Way, Decatur, GA which is the subject of this motion,

2)  that the Order is decided and issued prior to the 11/09/2023 court proceeding in State Court

3)  that the Movant be granted all other relief as the Court deems proper.

RESPECTFULLY SUBMITTED this 2nd day of November 2023.

JENNIFER R. DACRUZ, *Pro se*
3679 Seton Hall Way
Decatur, GA 30034
(404)513-4368
jenniferdacruz@yahoo.com

8

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

IN RE:

**GLENN JEFFREY DACRUZ,**

    Debtor.

_____

**JENNIFER R. DACRUZ,**

    Movant,

    vs.

**GLENN JEFFREY DACRUZ,**

    Respondent,

**S. GREGORY HAYS,**

    Trustee.

CASE NO. 22-59731-PMB

CHAPTER 7

_____

**CONTESTED MATTER**

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served to the individuals and/or companies below and on the attached mailing matrix with a copy of the foregoing *Emergency Motion to Compel Abandonment* via United States Postal Service mail with adequate postage thereon to:

Glenn J. DaCruz
2108 Woodiron Drive
Duluth, GA 30097-7498

Charles Clapp
Law Offices of Charles Clapp, LLC
5 Concourse Parkway NE Suite 3000
Atlanta, GA 30328

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

Brian Widener
The Albertelli Firm, PC
100 Galleria Parkway Ste 960
Atlanta GA 30339

Laura A. Grifka
McMichael Taylor Gray, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092

Michael Bargar
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329

Office of the U.S. Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Parties listed on the attached mailing matrix

This ___2nd___ day of ___November___, 2023.

_____
**JENNIFER R. DACRUZ,** *Pro se*
3679 Seton Hall Way
Decatur, GA 30034
(404)513-4368
jenniferdacruz@yahoo.com



2017005613    DEED BOOK **26029** Pg **144**

Filed and Recorded:
1/12/2017 1:58:13 PM
Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia



When Recorded Return To:
Bank of America
C/O Nationwide Title Clearing, Inc.
2100 Alt. 19 North
Palm Harbor, FL 34683

Doc ID: 48721266061929315



### ASSIGNMENT OF SECURITY DEED

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, BANK OF AMERICA, N.A., WHOSE ADDRESS IS 4909 SAVARESE CIRCLE, TAMPA, FL 33634, (ASSIGNOR), by these presents does convey, grant, assign, transfer and set over the described Security Deed with all interest secured thereby, all liens and any rights due or to become due thereon to CARRINGTON MORTGAGE SERVICES, LLC, WHOSE ADDRESS IS 1600 SOUTH DOUGLASS RD, ANAHEIM, CA 92806 (949)517-5235, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).

Said Security Deed is executed by GLENN DACRUZ AND JENNIFER R. DACRUZ to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR BANK OF AMERICA, N.A., ITS SUCCESSORS AND ASSIGNS and recorded in Deed Book 21725, Page 635 and Instrument # 2009190913 in the office of the Clerk of the Superior Court of DEKALB County, Georgia.

IN WITNESS WHEREOF, the undersigned has hereunto set its hand on __12__/__19__/__2016__ (MM/DD/YYYY).

BANK OF AMERICA, N.A.

By: _Alexandra Monegro_
Alexandra Monegro
ASSISTANT VICE PRESIDENT

_Mamie D. Gilliam_    Witness

610  212660619  D4  001  001

STATE OF FLORIDA    COUNTY OF HILLSBOROUGH
Sworn to (or affirmed) and subscribed before me __12__/__19__/__2016__ (MM/DD/YYYY), by Alexandra Monegro, ASSISTANT VICE PRESIDENT authorized to sign on behalf of BANK OF AMERICA, N.A.. He/she is personally known to me or has produced _____N/A_____ as identification.

_Ethel M. Meador_
Notary Public - STATE OF FLORIDA
Commission expires: _May 22, 2020_

> ETHEL M. MEADOR
> Notary Public, State of Florida
> Commission FF 994940
> My comm. expires May 22, 2020

Document Prepared By: Lisa Campbell Moore, Bank of America, N.A. 4909 Savarese Circle, Tampa, FL 33634 (800) 444-4302
BOA01 397277534 13571B  MIN  MERS PHONE 1-888-679-6377 MERS Mailing Address: P.O. Box 2026, Flint, MI 48501-2026 T121612-10:48:49 [C-1] FRMGA1_BOA

*D0020278415*

**Fill in this information to identify your case and this filing:**

| | |
|---|---|
| Debtor 1 | **Glenn Jeffrey Dacruz** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF GEORGIA |
| Case number | |

**EXHIBIT** B

tabbies

☐ Check if this is an amended filing

## Official Form 106A/B

## Schedule A/B: Property                                                12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.
☑ Yes. Where is the property?

| 1.1 | | What is the property? Check all that apply | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|
| **3679 Seton Hall Way** | | ☑ Single-family home | |
| Street address, if available, or other description | | ☐ Duplex or multi-unit building | |
| | | ☐ Condominium or cooperative | |
| | | ☐ Manufactured or mobile home | |
| **Decatur**      GA      30034-0000 | | ☐ Land | Current value of the entire property?      Current value of the portion you own? |
| City      State      ZIP Code | | ☐ Investment property | $246,500.00      $123,250.00 |
| | | ☐ Timeshare | |
| | | ☐ Other | Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known. |
| | | Who has an interest in the property? Check one | Fee simple |
| **DeKalb** | | ☐ Debtor 1 only | |
| County | | ☐ Debtor 2 only | |
| | | ☐ Debtor 1 and Debtor 2 only | ☐ Check if this is community property (see instructions) |
| | | ☑ At least one of the debtors and another | |
| | | Other information you wish to add about this item, such as local property identification number: | |

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.....................................................=>     | $123,250.00 |

**Part 2:    Describe Your Vehicles**

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

☑ No
☐ Yes

Debtor 1   **Glenn Jeffrey Dacruz**                                         Case number *(if known)* _____

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

   ☑ No
   ☐ Yes

5. **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here**...........................................=>

| | |
|---|---|
| | $0.00 |

| Part 3: | Describe Your Personal and Household Items |
|---|---|

**Do you own or have any legal or equitable interest in any of the following items?**

Current value of the portion you own?
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ☑ Yes. Describe.....

| | |
|---|---|
| Household Goods | $1,500.00 |

| | |
|---|---|
| Clothing | $300.00 |

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ☑ No
   ☐ Yes. Describe.....

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ☑ No
   ☐ Yes. Describe.....

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ☑ No
   ☐ Yes. Describe.....

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ☑ No
    ☐ Yes. Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☑ No
    ☐ Yes. Describe.....

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ☑ No
    ☐ Yes. Describe.....

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    ☑ No
    ☐ Yes. Describe.....

Debtor 1    Glenn Jeffrey Dacruz                                                Case number *(if known)*  _____

14. **Any other personal and household items you did not already list, including any health aids you did not list**
   ■ No
   ☐ Yes.  Give specific information.....

15.  Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached
     for Part 3. Write that number here ................................................................................

| | |
|---|---|
| | **$1,800.00** |

**Part 4:** **Describe Your Financial Assets**

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

16. **Cash**
   *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
   ■ No
   ☐ Yes....................................................................................

17. **Deposits of money**
   *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar
              institutions. If you have multiple accounts with the same institution, list each.
   ☐ No
   ■ Yes......................        Institution name:

|  | 17.1.  **Checking** | **Delta Community Credit Union** | $440.00 |
|---|---|---|---|

18. **Bonds, mutual funds, or publicly traded stocks**
   *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
   ■ No
   ☐ Yes.................        Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and
    joint venture**
   ■ No
   ☐ Yes.  Give specific information about them..................
                 Name of entity:                                % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
   *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
   *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
   ■ No
   ☐ Yes. Give specific information about them
                 Issuer name:

21. **Retirement or pension accounts**
   *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
   ■ No
   ☐ Yes. List each account separately.
                 Type of account:        Institution name:

22. **Security deposits and prepayments**
   Your share of all unused deposits you have made so that you may continue service or use from a company
   *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
   ■ No
   ☐ Yes. ....................        Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
   ■ No
   ☐ Yes............        Issuer name and description.

Debtor 1   **Glenn Jeffrey Dacruz**                                Case number *(if known)* _____

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
☐ No
☐ Yes.............     Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
☐ No
☐ Yes. Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
☐ No
☐ Yes. Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
☐ No
☐ Yes. Give specific information about them...

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**
☐ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
☐ No
☐ Yes. Give specific information......

30. **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else
☐ No
☐ Yes. Give specific information..

31. **Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
☐ No
☐ Yes. Name the insurance company of each policy and list its value.
Company name:                          Beneficiary:                      Surrender or refund value:

32. **Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
☐ No
☐ Yes. Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue
☐ No
☐ Yes. Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
☐ No
☐ Yes. Describe each claim.........

Debtor 1    **Glenn Jeffrey Dacruz**                                    Case number *(if known)*

| Claim for Full Disgorgement pursuant to 11 USC §§ 330, 331, and Fed.R.Bankr.P. 9019(a) and 2002(a)(3) | Unknown |

**35.  Any financial assets you did not already list**

☑ No

☐ Yes. Give specific information..

**36.  Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here..................................................................................................**    $440.00

| Part 5: | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |

**37.  Do you own or have any legal or equitable interest in any business-related property?**

☑ No. Go to Part 6.

☐ Yes.  Go to line 38.

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.<br>If you own or have an interest in farmland, list it in Part 1. |

**46.  Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.

☐ Yes.  Go to line 47.

| Part 7: | Describe All Property You Own or Have an Interest in That You Did Not List Above |

**53.  Do you have other property of any kind you did not already list?**
      *Examples:* Season tickets, country club membership

☑ No

☐ Yes. Give specific information.........

**54.  Add the dollar value of all of your entries from Part 7. Write that number here  ....................................**    $0.00

| Part 8: | List the Totals of Each Part of this Form |

**55.  Part 1: Total real estate, line 2** ..................................................................................................    $123,250.00

**56.  Part 2: Total vehicles, line 5**                                                     $0.00

**57.  Part 3: Total personal and household items, line 15**                              $1,800.00

**58.  Part 4: Total financial assets, line 36**                                            $440.00

**59.  Part 5: Total business-related property, line 45**                                   $0.00

**60.  Part 6: Total farm- and fishing-related property, line 52**                          $0.00

**61.  Part 7: Total other property not listed, line 54**                          +         $0.00

**62.  Total personal property.** Add lines 56 through 61...              $2,240.00    Copy personal property total            $2,240.00

**63.  Total of all property on Schedule A/B.** Add line 55 + line 62                      $125,490.00

Case 22-59731-pmb    Doc 58    Filed 07/31/23    Entered 07/31/23 16:13:35    Desc
Page 1 of 1

**Form 1**

**Individual Estate Property Record and Report**

**Asset Cases**

EXHIBIT

C

Page:  1

| | | |
|---|---|---|
| Case No.: | 22-59731-PMB | |
| Case Name: | DACRUZ, GLENN JEFFREY | |

For Period Ending:    06/30/2023

| | |
|---|---|
| Trustee Name: | (300320) S. Gregory Hays |
| Date Filed (f) or Converted (c): | 02/09/2023 (c) |
| § 341(a) Meeting Date: | 03/21/2023 |
| Claims Bar Date: | 09/12/2023 |

| Ref. # | 1 Asset Description (Scheduled And Unscheduled (u) Property) | 2 Petition/ Unscheduled Values | 3 Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | 4 Property Formally Abandoned OA=§554(a) abandon. | 5 Sale/Funds Received by the Estate | 6 Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | One-Half Interest - 3679 Seton Hall Way, Decatur, GA 30034 (Dekalb County) Exemption adjusted to $10,760, the maximum allowed amount. Consent order entered approving adjusted amount. | 123,250.00 | 42,990.00 | | 0.00 | 123,250.00 |
| 2 | Household Goods | 1,500.00 | 0.00 | | 0.00 | FA |
| 3 | Clothing | 300.00 | 0.00 | | 0.00 | FA |
| 4 | Checking - Delta Community Credit Union | 440.00 | 0.00 | | 0.00 | FA |
| 5 | Claim for Full Disgorgement pursuant to 11 USC §§ 330, 331, and Fed.R.Bankr.P. 9019(a) and 2002(a)(3) | Unknown | 0.00 | | 0.00 | FA |
| 5 | Assets        Totals        (Excluding unknown values) | **$125,490.00** | **$42,990.00** | | **$0.00** | **$123,250.00** |

**Major Activities Affecting Case Closing:**

4/20/23 - Trustee filed an objection to Debtor's claimed exemptions.

6/13/2023 - Declared as an asset case.  Trustee intends to administer excess proceeds from foreclosure of real property.

| | | | |
|---|---|---|---|
| **Initial Projected Date Of Final Report (TFR):** | 12/31/2025 | **Current Projected Date Of Final Report (TFR):** | 12/31/2025 |



**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 22-59731-PMB |
| | : | |
| GLENN JEFFREY DACRUZ, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| _____ | : | |

**TRUSTEE'S APPLICATION FOR APPOINTMENT OF ATTORNEYS**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**" or "**Applicant**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Glenn Jeffrey DaCruz ("**Debtor**"), and files *Trustee's Application for Appointment of Attorneys* (the "**Application**"). In support of the Application, Trustee respectfully shows:

**Introduction**

It is Trustee's business judgment that he needs to employ counsel in this matter. In this regard, Trustee requests authority to employ counsel to provide legal services to him regarding: the extent and nature of the Bankruptcy Estate's interest in a certain real Property (defined below); legal issues relating to Trustee's duty to "collect and reduce to money" property of the Bankruptcy Estate, including a potential sale and transfer of the interest in the Property in accordance with applicable principles of Georgia law and the Bankruptcy Code; legal issues relating to a potential dispute as to ownership of the Property, including a possible adversary proceeding relating to the same; legal issues related to a pending motion seeking stay relief as to the Property; and analysis of legal issues regarding claims and prosecution of contested matters regarding claims, if and when directed to take place by Trustee.

## Jurisdiction and Venue

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## Background Facts and Relief Requested

### a. General Facts and Available Assets

2.

Debtor initiated the underlying bankruptcy case (the "**Case**" or "**Bankruptcy Case**") by filing a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "**Bankruptcy Code**") on December 1, 2022 (the "**Petition Date**"). The Case has since converted to Chapter 7, and Trustee serves in the role as Chapter 7 trustee.

3.

Upon Debtor filing his voluntary bankruptcy petition, the Bankruptcy Estate was formed, and it includes all his legal or equitable interests in property as of the commencement of the Bankruptcy Case, including the Property, as defined below. *See* 11 U.S.C. § 541(a)(1).

4.

On February 6, 2023, Debtor filed his First Request to Convert from Chapter 13 to Chapter 7 (the "**Conversion Request**") [Doc. No. 18]. Thereafter, on February 9, 2023, the Court converted the Bankruptcy Case from Chapter 7 to Chapter 13.

5.

Debtor's 11 U.S.C. § 341 Initial Meeting of Creditors (the "**341 Meeting**") was held on March 21, 2023, and Trustee was thereafter appointed permanent Chapter 7 Trustee.

2

6.

Contemporaneous with the filing of this Case, Debtor filed his schedules of assets and liabilities (the **"Schedules"**) [Doc. No. 1].

7.

According to Schedule A/B, Debtor stated that he had an ownership interest in 3679 Seton Hall Way, Decatur, Georgia 30034 (the "**Property**") and that the value of the Property was $246,500.00.

8.

Trustee believes that the Property has a value of approximately $251,000.00, and Debtor's non-filing spouse owns a one-half interest in the Property. As a result, Trustee estimates that the Property has an unencumbered, non-exempt value of approximately $38,000.00, after estimated costs of sale, that will benefit the Bankruptcy Estate.

### *b. Employment of Counsel*

9.

To administer this Case in a proper, efficient, and economical manner, Trustee requires the services of legal counsel, and he wishes to employ the firm Rountree Leitman Klein & Geer LLC ("**RLKG**") to act as his attorneys in this case. Indeed, because Trustee is not an attorney, it is imperative that Trustee employ counsel to assist him with the numerous legal tasks that will arise in this matter. *See* 11 U.S.C. § 327(a) (stating that trustees may employ attorneys "to represent or assist the trustee in carrying out the trustee's duties . . . ." and providing no other basis to employ attorneys); *In re Abraham*, 163 B.R. 772, 783 (Bankr. W.D. Tex. 1994) (stating "trustees are not attorneys (not even when it is an attorney functioning as the trustee).").

10.

The members and associates of RLKG are admitted to practice in this Court, have knowledge and experience in bankruptcy practice, and are well qualified to represent Trustee in this matter.  Attached as Exhibit "A" is the Rule 2014 Verification of RLKG.

11.

The current hourly billing rates of attorneys (as reduced) and paralegals who may render services in the Case follow:

| Attorney: | Standard Hourly Rate: |
|---|---|
| William A. Rountree | $595.00 |
| Will B. Geer | $595.00 |
| Michael J. Bargar | $535.00[1] |
| Hal Leitman | $495.00 |
| David S. Klein | $495.00 |
| Alexandra Dishun | $425.00 |
| Ceci Christy | $425.00 |
| Elizabeth Childers | $395.00 |
| Caitlyn Powers | $325.00 |

| Paralegals: | Standard Hourly Rate: |
|---|---|
| Elizabeth A. Miller | $250.00 |
| Sharon M. Wenger | $225.00 |
| Megan Winokur | $175.00 |
| Lisa Lawson | $175.00 |
| Catherine Smith | $150.00 |

Depending on need for particular experience or the exigencies of the Case, other attorneys may also provide services. The above rates may be increased during the term of the proposed employment or if so awarded by the Court. *See, e.g., Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988) (stating, "[i]n this circuit, where there is a

---

[1]    In the exercise of its billing judgment, RLKG has voluntarily reduced Mr. Bargar's hourly rate from $535.00 to $500.00 per hour.  Depending on the complexities that arise in this matter, it reserves the right to request his actual hourly rate.

4

delay the court should take into account the time value of money and the effects of inflation and generally award compensation at current rates rather than at historic rates.").

12.

Specifically, Trustee requests authority to employ counsel to provide legal services to him regarding: the extent and nature of the Bankruptcy Estate's interest in the Property; legal issues relating to Trustee's duty to "collect and reduce to money" property of the Bankruptcy Estate, including a potential sale and transfer of the interest in the Property in accordance with applicable principles of Georgia law and the Bankruptcy Code; legal issues relating to a potential dispute as to ownership of the Property, including a possible adversary proceeding relating to the same; legal issues related to a pending motion seeking stay relief as to the Property; and analysis of legal issues regarding claims and prosecution of contested matters regarding claims, if and when directed to take place by Trustee.

13.

The professional services, for which it is necessary that an attorney act, may also include:

(a)     Preparation of pleadings and motions and conducting of examinations incidental to the administration of the Bankruptcy Estate;

(b)     Legal services incidental to preservation and disposition of assets;

(c)     Investigation, analysis, and appropriate legal action, if required, relative to any preference, fraudulent transfer, unperfected security interest, improper disposal of assets, prosecution of the Bankruptcy Estate's claims, or pending litigation;

(d)     Any and all other necessary legal actions incident to the proper preservation and administration of the Bankruptcy Estate.

5

14.

Based on all of the above, it is Trustee's business judgment that he should employ RLKG to assist him in this matter. *See e.g., McConnell*, 2021 WL 203331, at * 15 (Bankr. N.D. Ga. January 4, 2021) (Bonapfel, J.) (stating "trustees exercise discretion in the administration of estates, and bankruptcy courts properly defer to their business judgment in determining how to perform their duties.").  The issue in this regard is whether a trustee "acts with requisite care, disinterestedness, and good faith in the effort to maximize value—rather than whether this or any other court would necessarily make the same business decision, on the one hand, or seek to maximize value in a different way, on the other." *In re Global Crossing, Ltd.*, 295 B.R. 726, 744 at FN 58, (Bankr. S.D.N.Y. 2003).  In addition to the necessary legal tasks that will arise in this matter (as discussed in detail above), there are other very good business reasons that justify Trustee's employing counsel, including the fact that RLKG carries E&O coverage that will insulate the Bankruptcy Estate against claims for damage in the event something unfortunately goes awry in this matter.

15.

To the best of Trustee's knowledge, said firm's acting as attorneys in this Case will be in the best interest of the Bankruptcy Estate, Debtor, creditors, and all other parties in interest. To the best of Applicant's knowledge, and except as otherwise disclosed herein and in the Bankruptcy Rule 2014 Verification of Michael J. Bargar, the firm has no connection with Debtor, his creditors, any party in interest in this case, their attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee. Said firm does not hold or represent an interest adverse to the estate, does not represent any creditor or other known interested party, and is a disinterested person under 11 U.S.C. § 327(a), as that term is defined in 11 U.S.C. § 101(14). Disclosure is made, however, that Michael J. Bargar, a partner of

6

the firm, has been appointed by the United States Trustee for Region 21 to act as panel trustee in

the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division.  As a result,

employees of RLKG regularly communicate with employees of the Office of the United States

Trustee.  Disclosure is also made that RLKG represents Trustee in other unrelated matters as

special or general counsel.

16.

To expedite the marshalling and protecting of the Bankruptcy Estate's assets, RLKG has

already performed certain legal services for the Bankruptcy Estate or plans to perform such

services, which may be rendered prior to the signing of any order resulting from this Application.

17.

Trustee proposes that RLKG be compensated for its services in accordance with future

orders of the Court based upon the criteria for professional compensation required by bankruptcy

law. No compensation will be paid by Trustee to said law firm except upon application to and

approval by the Court after notice and hearing as required by law.


[THIS SPACE INTENTIONALLY LEFT BLANK]

WHEREFORE, Trustee prays that Trustee be authorized to employ RLKG as his attorney in this

Case and that the Court grant such other and further relief deemed just and proper.

Respectfully submitted this ___ day of April, 2023.

_____
S. Gregory Hays
Chapter 7 Trustee

Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305
(404) 926-0060

*Proposed Attorneys for Trustee*:

ROUNTREE LEITMAN KLEIN & GEER, LLC

By:_____
Michael J. Bargar
Georgia Bar No. 645709
mbargar@rlkglaw.com

Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
404-410-1220

WHEREFORE, Trustee prays that Trustee be authorized to employ RLKG as his attorney in this

Case and that the Court grant such other and further relief deemed just and proper.

Respectfully submitted this 15th day of April, 2023.

_____
S. Gregory Hays
Chapter 7 Trustee

Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305
(404) 926-0060

*Proposed Attorneys for Trustee*:

ROUNTREE LEITMAN KLEIN & GEER, LLC

By:____/s/ Michael J. Bargar_____
        Michael J. Bargar
Century Plaza I        Georgia Bar No. 645709
2987 Clairmont Road, Suite 350        mbargar@rlkglaw.com
Atlanta, Georgia 30329
404-410-1220

8

## EXHIBIT "A"

## RULE 2014 VERIFICATION WITH REGARD TO
## EMPLOYMENT OF ATTORNEYS

The undersigned hereby declares under penalty of perjury:

1.    I am a partner with the law firm of Rountree Leitman Klein & Geer, LLC, with offices at Century Plaza I, 2987 Clairmont Road, Suite 350, Atlanta, GA 30329 (the "**Firm**" or "**RLKG**").

2.    S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") in the bankruptcy case of Glenn Jeffrey DaCruz (the "**Debtor**"), has asked the Firm to represent him as Trustee in this case.

3.    To the best of my knowledge, the Firm has no connection with the Debtor, his creditors, any party in interest in this case, their attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee. Said Firm does not hold or represent an interest adverse to the estate, does not represent any creditor or other known interested party, and is a disinterested person under 11 U.S.C. § 327(a), as that term is defined in 11 U.S.C. § 101(14). Disclosure is made, however, that Michael J. Bargar, a partner of the firm, has been appointed by the United States Trustee for Region 21 to act as a panel trustee in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division.  As a result, employees of RLKG regularly communicate with employees of the Office of the United States Trustee.  In addition, RLKG represents S. Gregory Hays, in his capacity as trustee in unrelated matters.

4.    The Firm will not expect nor receive any compensation from the estate except upon application to and approval by the Bankruptcy Court after notice and hearing.

Dated this 15th day of April, 2023.

By: */s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709

**CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed the foregoing *Trustee's Application for Appointment of Attorneys* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Charles M. Clapp
charles@lawcmc.com
ecf@lawcmc.com
R47480@notify.bestcase.com

Laura A. Grifka
lgrifka@mtglaw.com
ecfnotifications@mtglaw.com

S. Gregory Hays
ghays@haysconsulting.net
saskue@haysconsulting.net
GA32@ecfcbis.com

Office of the United States Trustee
ustpregion21.at.ecf@usdoj.gov

Brian Widener
bwidener@albertellilaw.com

This is to further certify that I have this day served the *Trustee's Application for Appointment of Attorneys* by first class, United States mail, with postage prepaid fully thereon, to the following parties:

Glenn Jeffrey Dacruz
2108 Woodrion Drive
Duluth, GA 30097

This 15th day of April, 2023.

/s/ Michael J. Bargar
Michael J. Bargar
Georgia Bar No. 645709

**Fill in this information to identify the case:**

Debtor 1  Glenn Dacruz

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court  **Northern District of Georgia**

Case number:  **22−59731**

FILED

**U.S. Bankruptcy Court
Northern District of Georgia**

9/12/2023

Allen, Clerk

EXHIBIT
E

Official Form 410

## Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Jennifer R. DaCruz

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Jennifer R. DaCruz

Name

3679 Seton Hall Way
Decatur, GA 30034

Contact phone _____4045134368_____

Contact email
___jenniferdacruz@yahoo.com___

**Where should payments to the creditor be sent? (if different)**

Name

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one): _____

**4. Does this claim amend one already filed?**

☐ No
☑ Yes. Claim number on court claims registry (if known) ___9___  Filed on ___02/09/2023___
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**Part 2:**  **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |

**7. How much is the claim?**  $ _____39212.15_____

**Does this amount include interest or other charges?**
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

_____domestic support obligations_____

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**  $ _____

**Amount of the claim that is secured:**  $ _____

**Amount of the claim that is unsecured:**  $ _____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $ _____

**Annual Interest Rate** (when case was filed)  _____ %

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

| | | |
|---|---|---|
| Official Form 410 | Proof of Claim | page 2 |

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No ☑ **Yes.** *Check all that apply:* | | **Amount entitled to priority** |
|---|---|---|---|---|

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $ 39212.15

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $ _____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).   $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies   $ _____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157 and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   9/12/2023
                   MM / DD / YYYY

/s/  Jennifer R. DaCruz

Signature

Print the name of the person who is completing and signing this claim:

Name        Jennifer R. DaCruz
            First name    Middle name    Last name

Title       _____

Company     _____

            Identify the corporate servicer as the company if the authorized agent is a servicer
Address     3679 Seton Hall Way
            Number   Street
            Decatur, GA 30034
            City   State   ZIP Code

Contact phone   4045134368        Email   jenniferdacruz@yahoo.com



UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| GLENN JEFFREY DACRUZ | ) | 22-59731-pmb |
|         Debtor. | ) | |

-------------------------------------------------------------------------------------

| | | |
|---|---|---|
| | ) | |
| THE BANK OF NEW YORK MELLON | ) | |
| FKA THE BANK OF NEW YORK | ) | |
| SUCCESSOR INDENTURE TRUSTEE | ) | |
| TO JPMORGAN CHASE BANK, N.A., | ) | |
| AS INDENTURE TRUSTEE ON BEHALF | ) | |
| OF THE NOTEHOLDERS OF THE | ) | |
| CWHEQ INC., CWHEQ REVOLVING | ) | |
| HOME EQUITY LOAN TRUST, | ) | |
| SERIES 2005-H | ) | |
|         Movant, | ) | |
| | ) | **CONTESTED MATTER** |
| v. | ) | |
| | ) | |
| GLENN JEFFREY DACRUZ, | ) | |
| S. GREGORY HAYS, Trustee | ) | |
|         Respondents. | ) | |
| | / | |

<u>**AMENDED NOTICE OF WITHDRAWAL AMENDED MOTION FOR RELIEF FROM**</u>
<u>**STAY [DE#25]**</u>

     Comes now, **THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK SUCCESSOR INDENTURE TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS INDENTURE TRUSTEE ON BEHALF OF THE NOTEHOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2005-H.,** by and through its undersigned counsel and withdraws its Amended Motion for Relief from Stay [DE#15] filed on March 10, 2023.

                                      /s/*Brian K. Widener*
                                      Brian K. Widener
                                      The Albertelli Firm, PC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th Day of August, 2023, I served a copy of the foregoing upon:

### SERVICE LIST

Glenn Jeffrey Dacruz
2108 Woodrion Drive
Duluth, GA 30097

Charles M. Clapp
Law Offices of Charles Clapp, LLC
5 Concourse Parkway NE
Suite 3000
Atlanta, GA 30328

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

/s/*Brian K. Widener*
Brian K. Widener
The Albertelli Firm, PC
100 Galleria Parkway Ste 960
Atlanta GA 30339
GA Bar Number 757327
Correspondence:
bwidener@albertellilaw.com

RE: Important

| | |
|---|---|
| From: | Courtney Perez (cperez@albertellilaw.com) |
| To: | jenniferdacruz@yahoo.com; bwidener@albertellilaw.com |
| Cc: | anthony.mancuso@bnymellon.com |
| Date: | Tuesday, August 8, 2023 at 02:35 PM EDT |



Hello,

We will be withdrawing our MFR. Per our client, you will need to contact customer service, but customer service is unable to agree to anything while the loan is in BK status, and they a
unable to enter into agreed orders in Chapter 7s. Once the loan is out of BK, you can try to work out something with the collections team.

They will not enter into a reaffirmation agreement as the loan is delinquent.

 **ALAW**

**Courtney Perez | Assistant Vice President – Bankruptcy Operations**

5404 Cypress Center Drive, Suite 300, Tampa, FL 33609
E: cperez@albertellilaw.com | O: (813) 221-4743 Ext: 2368 |
Cell: (813)-321-9233

ALABAMA • ARKANSAS • ARIZONA • CALIFORNIA • FLORIDA • GEORGIA
MASSACHUSETTS • NEVADA • NEW JERSEY • NEW YORK • NORTH CAROLINA • OHIO
PENNSYLVANIA • SOUTH CAROLINA • TENNESSEE • TEXAS • US VIRGIN ISLANDS

This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed.  If you have received this e-mail in error or are not the named addressee you
disseminate, distribute or copy this e-mail.  Please notify the sender immediately via e-mail if you have received this e-mail by mistake and delete this e-mail from your system.  If you are not the intended recipient you are no
disclosing, copying, distributing or taking any action in reliance on the contents of this information is STRICTLY PROHIBITED.  Albertelli Law accepts no liability for the content of this e-mail, or for the consequences of any actio
the basis of the information provided. WARNING:  Although Albertelli Law has taken reasonable precautions to ensure no viruses are present, computer viruses can be transmitted via e-mail.  The company cannot accept resp
any loss or damage arising from the use of this e-mail or attachments.  The recipient should check this e-mail and any attachments for the presence of viruses.  E-mail transmission cannot be guaranteed to be secure or error-f
information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT.  ANY AND
INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT. If you are currently pursuing loss mitigation with the creditor or a debtor in bankruptcy or have been discharged in bankruptcy, or are others
protected by a bankruptcy stay, this is NOT an attempt to collect a debt and is for informational purposes only. You should consult legal counsel regarding your obligations, if any, to pay the mortgage loan. You may opt out of f
communications from our office to this email address by replying with the word "STOP" to the sender.

**From:** Jennifer DaCruz <jenniferdacruz@yahoo.com>
**Sent:** Tuesday, August 08, 2023 1:29 PM
**To:** Brian Widener <bwidener@albertellilaw.com>
**Cc:** anthony.mancuso@bnymellon.com; Courtney Perez <cperez@albertellilaw.com>
**Subject:** Re: Important

**IMPORTANT: THIS IS AN EXTERNAL EMAIL.**
Please validate the sender, all recipients, and content before taking any action, including replying, opening attachments, or clicking links.

Good afternoon Mr. Widener,

Will you please follow up with your client about my request? I would like to have their feedback by 08/14/2023. I have been waiting since June 2023 for us to discuss how to resolve the
on this account so that I can retain my home and you can get paid. The debtor has noted reaffirmation as well.

The automatic stay has been placed on the property again.

Sincerely,

Jennifer DaCruz

On Monday, August 7, 2023 at 05:04:06 PM EDT, Brian Widener <bwidener@albertellilaw.com> wrote:

Hello Ms. DaCruz.   I am sorry but I don't have any information from my client.



**Brian K. Widener, Attorney**

**O:** 813-221-4743  ext. 2471 | **F:** 770-373-4260

**E:** bwidener@albertellilaw.com

ªLicensed to Practice Law in GA and NC

**ALABAMA • ARKANSAS • FLORIDA • GEORGIA • NEW YORK • NORTH CAROLINA**

**OHIO •SOUTH CAROLINA • TENNESSEE • TEXAS • US VIRGIN ISLANDS**



WE DO NOT ACCEPT OR REQUEST WIRING
INSTRUCTIONS OR CHANGES TO WIRING
INSTRUCTIONS VIA EMAIL. Always call to verify.

**eServe:** servealaw@albertellilaw.com | **Escalations:**  Jaclyn Palazzolo, Esq.

This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed.  If you have received this e-mail in error or are not the named addressee you should not disseminate, distribute or copy this e-mail.  Please notify the sender immediately via e-mail if you have received this e-mail by mistake and delete this e-mail from your system.  If not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is STRICTLY PROHIBITED.  Albertelli Law accepts no liability for the content of this e-mail, or for the consequences of any actions taken on the basis of the information provided. WARNING:  Although Albertelli Law has taken reasonable precautions to ensure no viruses are present in this e-mail, the company cannot accept responsibility for any loss or damage arising from the use of this e-mail or attachments.  The recipient should check this e-mail and any attachments for the presence of viruses.  E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT.  ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT. If you are currently pursuing loss mitigation with the creditor or a debtor in bankruptcy or have been discharged in bankruptcy, or are otherwise protected by a bankruptcy stay, this is not an attempt to collect a debt and is for informational purposes only. You should consult legal counsel regarding your obligations, if any, to pay the mortgage loan.

**From:** Jennifer DaCruz <jenniferdacruz@yahoo.com>
**Sent:** Wednesday, June 7, 2023 4:23 PM
**To:** Brian Widener <bwidener@albertellilaw.com>
**Subject:** Important

**IMPORTANT: THIS IS AN EXTERNAL EMAIL.**
Please validate the sender, all recipients, and content before taking any action, including replying, opening attachments, or clicking links.

Good afternoon Mr. Widener,

**RE: Chapter 7 Case # 22-59731-pmb**

I am the co-owner of the property at 3679 Seton Hall Way, Decatur, GA 30034. The property is listed under Glenn DaCruz's Chapter 7 bankruptcy case. I currently reside in the property with my son. I do not want to surrender or lose the property. Glenn DaCruz does not reside at the property and hasn't since June 2020. If Glenn DaCruz will not pay your client, I am willing to work with you instead to retain the property. I have mentioned this to Mr. DaCruz and the trustee.

I would like to discuss the property with you more. When is a good time and day for us to talk?

Sincerely,

Jennifer DaCruz

**Claims Summary**

EXHIBIT

H

## 22-59731-pmb Glenn Jeffrey Dacruz Converted 02/09/2023

Type: bk                 Chapter: 7                 Office: 1 (Atlanta)
Assets: y                Judge: pmb
Date Filed: 12/01/2022   Last Date to File Claims:   Last Date to File (Govt):
Trustee: S. Gregory Hays

| Claim # | | Amount claimed * | Date filed | Creditor number | Creditor name |
|---|---|---|---|---|---|
| 1 | View | $1227.68 | 12/08/2022 | 24083804 | GEORGIA DEPARTMENT OF REVENUE |
| 2 | View | $5382.13 | 12/09/2022 | 24084701 | Associated Credit Union |
| 3 | View | $756.97 | 12/12/2022 | 24087511 | Quantum3 Group LLC as agent for |
| 4 | View | $21742.08 | 12/23/2022 | 24074492 | Internal Revenue Service |
| 5 | View | $28708.49 | 01/18/2023 | 24125287 | THE BANK OF NEW YORK MELLON FKA THE BANK |
| 6 | View | $109576.39 | 01/19/2023 | 24127840 | Carrington Mortgage Services, LLC |
| 7 | View | $732.20 | 02/01/2023 | 24143666 | EMORY HEALTHCARE |
| 8 | View | $221.73 | 02/09/2023 | 24154987 | Portfolio Recovery Associates, LLC |
| 9-2 | View | $39212.15 | 09/12/2023 | 24160139 | Jennifer R. DaCruz |

**Total Number of Claims: 9**

| | |
|---|---|
| **Total Amount Claimed *** | $207559.82 |
| **Total Amount Allowed *** | |

\* Includes general unsecured claims

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

| | Claimed | Allowed |
|---|---|---|
| **Secured** | $138284.88 | |
| **Priority** | $61133.75 | |
| **Administrative** | | |