**IT IS ORDERED as set forth below:**



**Date: November 2, 2023**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| **GLENN JEFFREY DACRUZ,** | CASE NUMBER **22-59731-PMB** |
| Debtor. | |
| **JENNIFER RENEE DACRUZ,** | |
| Movant, | CONTESTED MATTER |
| v. | |
| **GLENN JEFFREY DACRUZ,** | CHAPTER 7 |
| Respondent. | |

### ORDER GRANTING IN PART MOVANT'S
### EMERGENCY MOTION FOR RELIEF FROM AUTOMATIC STAY

On October 6, 2023, the above-named Movant (the "Movant"), proceeding *pro se*, filed an *Emergency Motion For Relief From Automatic Stay* (the "Motion")(Docket No. 57). In the Motion, the Movant seeks relief from the automatic stay to allow her to continue her actions against the above-named Debtor (the "Debtor") that are currently pending in the Superior Court of Gwinnett

County, Georgia. The Movant stated further in the Motion that the Debtor was in arrears on his alimony and child support payments to the Movant despite the Debtor's comparatively high monthly income. The Motion was set for a hearing and later heard before the Court on October 30, 2023. At the hearing, the Movant appeared and reiterated the arguments set forth in her Motion. The Debtor also appeared at the hearing, agreed that he was behind on his alimony and child support payments as stated by the Movant, and explained that his arrearage was due to a decrease in his income.

Upon the filing of a bankruptcy case, two important things occur – first, a bankruptcy estate is created, which, as more particularly defined in 11 U.S.C. § 541, generally includes all real and personal property owned by the debtor on the filing date. Second, the automatic stay under 11 U.S.C. § 362(a) comes into effect and halts the continuation or commencement of collection actions against a debtor and property of the debtor's estate. The stay does not, however, last forever. Under 11 U.S.C. § 362(c)(1), the automatic stay remains in effect for property of a debtor's estate until such time that said property is no longer property of the estate. However, pursuant to 11 U.S.C. § 362(c)(2)(C), the stay with respect to a debtor in a Chapter 7 bankruptcy case no longer remains in effect upon the grant or denial of a discharge. Here, the Debtor was granted a discharge on October 6, 2023 such that the stay remains in effect as to actions against property of the Debtor's estate, but not as to actions against the Debtor. After discharge, the ability to continue with actions against the debtor is instead governed by the debtor's discharge and the available exceptions to the discharge. *See* 11 U.S.C. §§ 523(a), 727(b).

In light of the foregoing, and after review of the Motion and docket in this matter, it is hereby

**ORDERED** that the Motion is **GRANTED IN PART** as follows:

1. The Movant is permitted to proceed with her actions against the Debtor that are currently pending to the extent that said actions (i) do not involve or pertain to property of the Debtor's estate,[1] and (ii) do not seek to collect claims that have been discharged.

2. The fourteen (14) day stay provided for in Federal Rule of Bankruptcy Procedure 4001(a)(3) is inapplicable to this Order, such that this Order is effective immediately upon entry.

The Clerk's Office is directed to serve a copy of this Order upon the Debtor, counsel for the Debtor, the Movant, the Chapter 7 Trustee, and the United States Trustee.

**[END OF DOCUMENT]**

---

[1] For the purpose of clarity, the Debtor's interest in real property remains property of the estate, but the Debtor's income earned after the filing of this case is not property of the estate.

3